1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARREN GILBERT,                      No. 2:22-cv-1015–KJN

12              Plaintiff,                 ORDER STAYING CASE FOR VDRP

13        v.

14   PETRO STAR OIL CO. et al.,

15              Defendants.

16

17

18        Plaintiff initially commenced this action under the Americans with Disabilities Act

19   ("ADA") on June 10, 2022, and the case was directly assigned to the undersigned under

20   Appendix A subsection m of the Local Rules.  (ECF Nos. 1, 3.)  After some delay, defendants

21   filed their answer to the complaint.  (ECF Nos. 7, 9.)  Thereafter, the parties submitted a joint

22   statement proposing discovery deadlines and indicating they are pursuing informal settlement

23   discussions.[1]  (ECF No. 15.)

24        In the interest of avoiding the accumulation of fees and costs through potentially

25   unnecessary discovery and motion practice, and to allow the parties sufficient time to pursue an

26

27   [1] The court has held off on issuing a scheduling order as it awaits the return of all consent/decline
forms.  See 28 U.S.C. § 636(c).  However, given there has been delay on this, and given the
parties' amenability to settlement, the court declines to enter a scheduling order at this time,
28   preferring a stay for VDRP in case the parties do not reach an informal settlement.

early informal resolution of this matter, IT IS HEREBY ORDERED that:

1. This action is STAYED pending further order of the court;

2. To the extent they have not already done so, the parties are directed to promptly meet and confer to discuss settlement of this action.  Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms.  Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate.  Defendants should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable.  The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts;

3. If the parties have not been able to informally reach a settlement within 45 days of the date of this order, the parties shall initiate participation in the court's Voluntary Dispute Resolution Program ("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov;[2]

4. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP; and

5. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

Dated:  October 11, 2022

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gilb.1015

---

[2] The resources of the VDRP program are limited, and the parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP.  The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, prompting potentially unnecessary participation in the VDRP and straining the program's resources.